IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    **Plaintiff,**

    v.                                              Civil Action No. 3:23cv130

SHOVONNE QUAYE, *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Thomas Lavare Ingram's Motion for Default Judgment against Defendant Bryan Richardson (the "Motion"). (ECF No. 12.) For the reasons that follow, the Court GRANTS the Motion for Default Judgment. (ECF No. 12.)

### I. Background

Pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA")[1] and Federal Rule of Civil Procedure 22,[2] Plaintiff Life Insurance Company of North America ("LINA") filed this interpleader action seeking to ascertain the appropriate beneficiary of life insurance and accident insurance policies issued by LINA to Keira Ware through Ware's employer. (ECF No. 1.) In 2019, Ware enrolled in life and accident insurance

---

[1] ERISA provides that civil actions may be brought by a fiduciary of an ERISA-governed employee welfare benefit plan "to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C.A. 1132(a)(3)(ii). Ware's policies are, or are part of, an employee welfare benefit plan governed by ERISA, and LINA is the claims fiduciary under the policies' terms. (ECF No. 1 ¶ 12.)

[2] Federal Rule of Civil Procedure 22 states that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1).

coverage from LINA through group policies (the "Policies") offered through Ware's employer, Baylor Scott & White Health. (ECF No. 1 ¶ 1; ECF No. 1-1, at 106–12.) Ware failed to designate beneficiaries under these Policies. (ECF No. 1 ¶ 14.) Pursuant to the Policies, if no named beneficiary exists, the proceeds of the Policies (the "Death Benefits")—totaling $60,000—"are to be paid to the first surviving class of the Insured's following relatives: 'spouse; child or children; mother or father; brother or sisters; or to the Insured's estate.'" (ECF No. 1 ¶¶ 13, 18.)

On or about December 12, 2020, Ware and her only children, Brayden Richardson and Kori Richardson, died of sharp force trauma. (ECF No. 1 ¶¶ 13, 15, 16.) The death certificates for Ware and her children list their cause of death as homicides. (ECF No. 1 ¶¶ 15, 16.) Bryan Richardson, Ware's husband, was arrested and charged with all three deaths.[3] (ECF No. 1 ¶¶ 6, 19.) When this suit was initiated, Richardson was being held at the Coryell County Jail, in Texas, awaiting trial. (ECF No. 1 ¶ 19.)

On February 17, 2023, LINA filed its Complaint for Interpleader pursuant to ERISA and Federal Rule of Civil Procedure 22, seeking to clarify LINA's obligations and liabilities under the Policies. (ECF No. 1.) While LINA is "ready, willing, and able to pay the Death Benefits in accordance with the terms of the Policies," LINA "cannot determine factually or legally who is entitled to Death Benefits and asks the Court to determine to whom said benefits should be paid."[4] (ECF No. 1 ¶¶ 26–28.) Richardson and both of Ware's parents, Shovonne Quaye and Thomas Lavare Ingram, are named as defendants and possible claimants. (ECF No. 1.)

---

[3] Ingram's Motion asserts that Richardson has since "[pleaded] guilty for these murders and been sentenced to life in prison." (ECF No. 12, at 2.)

[4] LINA contends that, as a matter of law, the Death Benefits are not payable to either Ware's children or to Richardson. (ECF No. 1 ¶¶ 17, 20–23.)

2

Both Quaye and Ingram timely answered the Complaint. (ECF Nos. 6, 7.) Richardson was served on March 7, 2023, (ECF No. 4.), but failed to timely answer or otherwise respond to the Complaint. On May 12, 2023, the Clerk of Court entered default against Richardson. (ECF No. 11.) Ingram filed his Motion for Default Judgment against Richardson on May 24, 2023. (ECF No. 12.)

## II. Standard of Review

Federal Rule of Civil Procedure 55 governs default judgment. Rule 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party seeking entry of default judgment must then "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

A defendant in default "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The

---

As to the children, LINA contends that under Texas Estates Code Annotated §§ 121.052-053, "an individual who is not established to have survived the death of another individual by 120 hours is deemed to have predeceased that individual." (ECF No. 1, ¶ 17.) Here, the children's death certificates do not list a time. LINA asserts that the children are thus deemed to have predeceased Ware as a matter of law, and the Death Benefits cannot be payable to them. (ECF No. 1 ¶ 17.)

LINA also asserts that "if Richardson is found guilty of [Ware's] death, then [he] may have forfeited his right to the Death Benefits under the federal common law of ERISA and under Texas law" because a beneficiary cannot collect a death benefit by murdering an insured. (ECF No. 1 ¶¶ 20–23.) According to the Motion, Richardson has pleaded guilty to Ware's murder, and therefore, LINA avers, he cannot collect the Death Benefits. (ECF No. 12, at 2.)

Because of this, LINA contends that the Death Benefits would then be payable to either or both of Ware's parents. (ECF No. 1 ¶ 24.) While such arguments are persuasive, they need not drive the Court's analysis in this procedural posture.

3

clerk's entry of default does not itself warrant the Court's entry of default judgment. *See id.* Normally, before entry of default judgment, the Court must determine whether the allegations of the complaint support the relief sought. *See id.* This is so because "[d]efault is a harsh measure because it ignores the merits," *Bogopa Serv. Corp. v. Shulga,* No. 3:08cv365, 2009 WL 1628881, at *3 (W.D.N.C. June 10, 2009), and "the Fourth Circuit has a 'strong policy that cases be decided on the merits.'" *State Employees' Credit Union v. Nat'l Auto Leasing, Inc.,* No. 2:06cv663, 2007 WL 1459301, at *1 (E.D. Va. May 14, 2007).

However, in the context of interpleader actions, the complaint's allegations do not need evaluation when determining whether to grant a motion for default judgment; "[r]ather, a defendant's lack of action can be taken as forfeiting a claim to the property in dispute." *Pro. Foreclosure Corp. of Virginia v. Ware,* No. 1-20-cv-00421-LO-MSN, 2020 WL 6324882, at *2 (E.D. Va. Oct. 8, 2020) *report and recommendation adopted,* No. 1:20-CV-421, 2020 WL 6323723 (E.D. Va. Oct. 27, 2020) (internal citations omitted); *see also* Memorandum Opinion and Order, ECF No. 34, *ALG Trustee, LLC v. Lawrence J. Howard, et al.,* 2:19-cv-276-RAJ-LRL, at *3 (E.D. Va. Nov. 15, 2019) ("the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the property can be viewed as forfeiting any claim of entitlement that might have been asserted, justifying the entry of default judgment") (internal citations omitted); *Del Conca USA, Inc. v. Akers,* No. G.JH-16-3346, 2017 WL 3605354, at *2 (S.D. Md. 2017 Aug. 18, 2017) (holding that a defendant in default "has forfeited any claim of entitlement to the [disputed f]unds that he may have asserted"); *Guardian Life Ins. Co. of Am. v. Spencer,* No. 5:10CV00004, 2010 WL 3522131, at *3 (W.D. Va. Sept. 8, 2010);

*Amoco Prod.Co. v. Aspen Grp.*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999) (holding that Fed. R. Civ. Pro. 55 should apply to interpleader defendants who fail to appear)).[5]

### III. Analysis

Because in the context of interpleader actions "a defendant's lack of action can be taken as forfeiting a claim to the property in dispute," the Court concludes that the entry of default judgment against Richardson is appropriate because he failed to respond to the Complaint or otherwise assert a claim to the Death Benefits in a timely manner. *See Ware*, 2020 WL 6324882, at *2.

In this case, Richardson has defaulted. LINA originally filed this interpleader action on February 17, 2023, naming Richardson as a defendant and potential claimant to the Death Benefits. (ECF No. 1.) Richardson was served on March 7, 2023. (ECF No. 4.) Richardson has not responded to the Complaint, and the time for doing so has passed. (ECF No. 4 ("answer due 03/28/2023.")) Having concluded that Richardson has failed to plead or otherwise defend himself against the action, the Clerk entered a default against Richardson pursuant to Rule 55(a) on May 12, 2023. (ECF No. 11.)

Since that time, Richardson failed to respond to the Ingram's Motion for Default Judgment filed on May 24, 2023. (ECF No. 12.) Richardson has yet to enter an appearance or assert any ownership over the Death Benefits. (ECF No. 8.) In the context of interpleader

---

[5] In his Motion, Ingram contends that "[i]n deciding whether a default judgment should be granted, a court must consider" the factors set forth in *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 506 (E.D. Va. 2009). (ECF No. 12, at 3.) Ingram subsequently frames his Motion around showing that these *EMI* factors are met. (ECF No. 12.) However, Ingram overstates the requirements articulated in that case. The *EMI* Court made clear that a should consider the factors set forth when a specific sum certain is not sought by a plaintiff, not that a court must do so in every analysis. (*EMI*, 618 F. Supp. 2d at 506.) The Court finds that the *EMI* analysis is unnecessary in ruling on the instant motion.

actions, because "a defendant's lack of action can be taken as forfeiting a claim to the property in dispute," *Ware*, 2020 WL 6324882, at *2, this Court finds that Richardson has forfeited any claim of entitlement to the Death Benefits that he may have asserted. Accordingly, the Motion for Default Judgment against Richardson shall be granted.

## IV. Conclusion

For the foregoing reasons, the Court will GRANT Ingram's Motion for Default Judgment. The Court will direct the Clerk to ENTER default judgment against Richardson.

It is SO ORDERED.

Date: 07/20/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge